OLESICK, PLAINTIFF-APPELLEE, *v.* MYERS, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25238.   Decided December 1, 1960.

*Mr. Roy Wilt*, for plaintiff-appellee.
*Messrs. Herman, Fishman, Daus & Schwenger, Mr. Harry Kottler*, of counsel, for defendant-appellant.

(HUNSICKER, J., of the Ninth District, sitting in place of KOVACHY, J.)

Skeel, J. This appeal comes to this court on questions of law from a judgment entered for the plaintiff by the court, trial by jury having been waived. The action is one for money only said to be due plaintiff from the defendant under the terms of a contract entered into between the defendant and Mr. and Mrs. John Rendsland for the purchase of the latter's property, the amount claimed being the plaintiff's alleged claim for his real estate commission at the Real Estate Board Rate due from the sellers.

The allegations of the petition of the plaintiff are that through his efforts as a real estate broker, he induced the defendant to execute an offer to purchase the residence property of the Rendsland's and that on the same day (January 26, 1956), the owners of the property accepted the offer and agreed to sell to this defendant for the price offered. Further, that the sellers complied with the terms of the agreement by placing all necessary papers in escrow within the time provided by the sales agreement but that the defendant refused and neglected to complete the sale. It is alleged that the contract provided that if the purchaser fails to perform the contract to purchase, as provided in the sales agreement, "they shall be liable for the real estate commission." It is alleged that the regular commission approved by the Cleveland Real Estate Board would be $1550.00, for which amount plaintiff prayed judgment with interest.

The answer admits plaintiff is a real estate broker and admits signing an offer as alleged in plaintiff's petition but denies generally all of the other allegations of the petition and specifically alleges that contemporaneously with signing the said agreement, an oral agreement was made that said offer was to be null, void and of no effect unless defendant's wife, who was not present or available when the agreement was signed, approved the offer to purchase said property. It is alleged that she refused to approve the offer and prays that the agreement be held to be null and void and for other equitable and legal relief.

The evidence shows that the plaintiff was the real estate agent or broker for the owner of the property who had listed said property with him at a selling price of $33,000.00. The

defendant was in Cleveland working at the Forman Furniture Company. His wife had not yet come to the city but was still at their residence in Pennsylvania. The defendant called the plaintiff's office in response to an advertisement. He was contacted by a salesman who showed him, among other properties, the residence property of John and Adalin Agnes Rendsland at 8194 Wyatt Road, Broadview Heights, Ohio. Thereafter, on January 26, 1956, a broker in the plaintiff's employ, called on the defendant at his place of business and procured the defendant's signature to an offer to purchase the property for $31,000.00 and also induced him to sign a cognovit note payable to the plaintiff in the sum of $1650.00 after being advised by the broker that he had the power to sign his wife's name to both the offer and the note. There is no evidence in the record that she either authorized or consented to be bound by the offer or the note and probably for this reason, she was not made a party to this action. It is the claim of the plaintiff, as was the testimony of the agent, that the defendant said that he and his wife's likes were similar and that she would be satisfied with the house. Just why a subject of that kind was discussed if a conditional acceptance was not considered is difficult to understand. It is the claim of the defendant, as indicated by the answer, and as shown by his testimony, that the broker was to hold the offer until his wife had an opportunity to come to Cleveland (which was to be within a few days) to inspect the house and if she did not like it, the offer was to be canceled. He said the broker advised that signing the offer was necessary to hold the property. The plaintiff denied that there was an agreement on the delivery of the offer to hold it for the wife's consent.

The signature of the sellers, the husband's name by power of attorney, is found on the acceptance of the offer dated 1/26/56. By the acceptance, the seller "agrees to pay Olesick Realty the Cleveland Real Estate Board rate of commission on the purchase price of his property for their services as brokers in connection herewith, which commission shall accrue upon the execution of this contract, and if there is not sufficient deposit of earnest money made by the Purchasers, said commission shall be paid by the Sellers." The acceptance was signed

after the offer so that anything therein contained could not bind this defendant. There is no identification of the signature of the sellers as accepting the offer, nor is there any evidence that they did, in fact, accept the sale. Nevertheless, the court admitted the alleged sales agreement into evidence.

This agreement, a part of which is quoted in plaintiff's petition as follows, provides:

"If the Purchasers fail to perform this contract at the time and in the manner herein specified they shall be liable for real estate commissions, title and escrow expenses and other expenses incurred by the Sellers under this contract (and moneys paid or deposited hereunder shall be first applied to the payment of said commissions and expenses), and the *Sellers* may at their option rescind this contract by written notice mailed to the Purchasers at the below address (there is no address below) and may retain as liquidated damages any surplus of the down payment, or earnest money paid by the Purchasers over said real estate commissions and expenses." (Emphasis added.)

This is clearly an obligation created in favor of the seller and not the real estate agent.

The buyer did not carry out the terms of the offer (if it was accepted by the sellers for a price less than the price listed with the plaintiff) claiming that he notified the plaintiff that his wife did not want the house and that the offer was, therefore, withdrawn.

The failure to establish acceptance of the offer by the sellers takes out of the case the provisions of the offer and claimed acceptance so that at that point the plaintiff's case failed for want of proper proof of a material element.

Even if this were not so, a careful reading of the bill of exceptions shows that the conclusion of the court that the offer was not withdrawn or that there was an agreement with respect to its withdrawal if the defendant's wife was not satisfied, is manifestly against the weight of the evidence. It would indeed be a most unusual thing for a husband to bind himself and attempt to bind his wife on the advice of the broker and offer to purchase a family residence before his wife had been afforded the opportunity to see or visit the house or before receiving

any notice of the transaction. The circumstances under which the offer was signed, the question of the right of the husband to sign his wife's name (which advice, given by the agent, was clearly wrong) (the facts indicating clearly that he had no such authority from her), the fact that she would be in Cleveland within a few days and could then inspect the property after being told of the transaction, the agent's failure to carry out his promise to meet her and take her on the inspection trip, all this and the other surrounding circumstances, and the haste and manner of getting the defendant's signature to the offer, clearly support the defendant's claims on this issue. It should be noted that in the agent's haste, he made the note out for five per cent of the list price of $33,000.00 instead of five per cent of the amount of the offer of $31,000.00. The note was for $1650.00 instead of $1550.00. If for no other reason, the judgment should be reversed as being against the manifest weight of the evidence.

We come now to the error argued in the briefs as to the right of the plaintiff to seek redress from the purchaser (procured by him as agent of the sellers) for his commission under the terms of the sales contract, if it be conceded that acceptance by the sellers is shown in the record.

The plaintiff is not a party to the offer or the contract under the terms of the acceptance. In both the offer and acceptance, the liability for plaintiff's commission was clearly that of the sellers. There is no possible interpretation of a direct promise to pay plaintiff's commission, if earned, by the buyer. That part of the offer above quoted contains a statement of the purchaser's liability to the sellers which goes beyond the obligation for loss occasioned by the sellers' promise, if established, to pay a real estate broker's commission. This provision includes escrow fees and other expenses. Certainly no one could contend that the plaintiff, who is not a party to the agreement, could claim the right to enforce only one of the provisions of a contract containing several distinct obligations where there is but a single promise creating the agreement. Without a direct promise to assume liability for a particular obligation of another in writing, a cause of action cannot be stated or a single obligation split so that the obligor, without

his consent, would be required to face two actions by different plaintiffs under a contract based on a single promise. That the sellers also claim that they are entitled to enforce this provision of the sales contract is evidence because of a petition in which the sellers are designated as plaintiffs and this defendant is named defendant, setting out an action to be filed in Cuyahoga County (which petition was offered by the plaintiff and received in evidence by agreement), in which the sellers seek damages from this defendant for the breach of the contract, including reimbursement for their (the sellers) liability for a real estate commission to the plaintiff.

Under the sales agreement, if it is properly before the court, there is no right in the plaintiff (not being a party thereto) to maintain this action against the defendant. The judgment, therefore, is reversed and final judgment entered for the defendant.

HURD, P. J., HUNSICKER, J., concur.